David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*SHERITA SHELLEY*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHERITA SHELLEY, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| AARON'S, INC. D/B/A AARON'S FURNITURE, | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, SHERITA SHELLEY, by undersigned

counsel, states as follows:

## **JURISDICTION**

1.      This action arises out of Defendant's violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently,

knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone

without consent, thereby violating the TCPA.

2.     This action is also brought under Nevada common law for intrusion into seclusion of Plaintiff's privacy.

3.     Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

5.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

6.     The Plaintiff, SHERITA SHELLEY ("Plaintiff" or "Mrs. Shelley"), is an adult individual residing in Las Vegas, Nevada.

7.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8.     Defendant AARON'S, INC. D/B/A AARON'S FURNITURE ("AARON'S"), is doing business in the State of Nevada.

9.     Defendant is and at all times mentioned herein was, a corporation and

is a "person," as defined by 47 U.S.C. § 153 (39).

10.     AARON'S at all times acted by and through one or more of its agents or representatives.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

13.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B)     to dial such numbers.

14.     In *Marks v. Crunch San Diego LLC*, the Ninth Circuit noted that the statutory definition of an ATDS: "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)[.]"[1]  The panel clarified that "[c]ommon sense indicates that human intervention of some sort is required before

---

[1] --- F.3d ----, 2018 WL 4495553, at *9 (9th Cir. Sept. 20, 2018).  Consequently, the Court rejected appellee's "argument that a device cannot qualify as an ATDS unless it is fully automatic, meaning that it must operate without any human intervention whatsoever." *Id.* at *9.

an autodialer can begin making calls, whether turning on the machine or initiating its functions." *Id.*

15.     Consumers have a right to revoke consent to receive automated or prerecorded calls using any reasonable method including orally or in writing. *Gager v. Dell Fin. Servs., LLC*, 12-2823, 727 F.3d 265, 2013 U.S. App. LEXIS 17579, 2013 WL 4463305 (3d Cir. Aug. 22, 2013).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

16.     Within the four years prior to filing the instant complaint, Plaintiff received numerous calls from Defendant seeking to collect payment on a store charge account.

17.     Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

18.     Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "2550" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

19.     In the calls Plaintiff did answer, there would be a short pause lasting about two to three seconds between the time the calls were answered and the time live agents introduced themselves as representatives from Defendant.

20.     Upon information and belief, based on the pause and lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff.

21.     "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

22.     Furthermore, a system does not need to actually store, produce, or call randomly or sequentially generated telephone numbers to be considered an Automatic Telephone Dialing System, it only needed to have the capacity to do so. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 948 (9th Cir. 2009).

23.     Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

24.     Within the last year, Plaintiff could no longer timely pay on her Aaron's account and she began receiving collection calls from Aaron's.

25.     Upon receiving collection calls from Aaron's, Plaintiff advised Aaron's she could not currently pay and instructed Defendant or its agent(s) not to call

Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

26.     Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time.

27.     However, Defendant placed calls to Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

28.     Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29.     The telephone number Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

31.     Pursuant to the TCPA, the burden is on Defendant to demonstrate it had prior express consent to call Plaintiff's cellular phone with an ATDS.

32.     While very minor, Plaintiff suffered actual harm and loss, since each of the unwanted calls depleted Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm.  While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from Defendant's unwanted phone calls to Plaintiff's cell phone.

33.     However, Plaintiff also suffered from an invasion of a legally protected interest by placing calls to Plaintiff's personal phone line when Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy.  The TCPA protects consumers from this precise behavior.

34.     Plaintiff has a common law right to privacy.  *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

35.     "[W]hen a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries that courts have long recognized, such as invasion of privacy and nuisance." *Toldi v. Hyundai Capital Am.*, No. 2:16-CV—01877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017).

36.     Plaintiff was also personally affected, since Plaintiff felt her privacy had been invaded when Defendant placed calls to Plaintiff's phone line without any consent to do so.

37.     The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

…

## COUNT I

### Negligent Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

38.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39.    Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

40.    Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41.    As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42.    Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT II

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

43.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44.    Defendant knowingly and/or willfully placed multiple automated calls

to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

45.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

46.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47.     Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Invasion of Privacy
### Intrusion Into Seclusion

48.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49.     Nevada recognizes the common law tort for an invasion of privacy of intrusion into seclusion finding "[r]epeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion." *Peatrowsky v. Persolve*, No. 2:12-cv-00935-JAD-VCF, 2014 U.S. Dist. LEXIS 38320, at *26-27 (D. Nev. Mar. 24, 2014).

50.     Further, Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act,

when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

51.    Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully inundating Plaintiff with phone calls as discussed above and thereby invaded Plaintiff's privacy as expressed in the foregoing.  To recap however, these invasions included a persistent disregard of Plaintiff's demands Defendant cease these intrusive communications.  Indeed, Plaintiff's attempts to curb Defendant's collection communications fell on deaf ears.

52.    As a result, Defendant flagrantly disrespected Plaintiff's right to live peaceably and in solitude.  Defendant simply knew better, but as a business policy disregards rights of consumers like Plaintiff regardless of the personal costs to Plaintiff's common law right to solitude and peace.

53.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and/or affairs.

54.    Defendant's conduct in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and

invasions of privacy which occurred in a way that would be highly offensive to a reasonable person in that position.

55.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant as well as punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent violations of NRS 598.0918 as permitted under NRS 41.600;

5. Actual damages and punitive damages for Defendant's privacy violations;

6.  An award of attorney's fees and costs to counsel for Plaintiff; and

7.  Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 28, 2018

Respectfully submitted,

By  /s/ David H. Krieger, Esq.
_____

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*SHERITA SHELLEY*